**E-FILED on** ___10/1/07___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND HOUSTON, | No. C-07-04511 RMW |
| Petitioner, | |
| v. | ORDER GRANTING MOTION TO STAY CASE |
| ROBERT J. HERNANDEZ, | **[Re Docket No. 3]** |
| Respondent. | |

Petitioner, having filed a petition for a writ of habeas corpus in federal court on August 30, 2007, asks this court to hold the petition in abeyance pending the resolution of a co-pending habeas petition in state court. Petitioner seeks a writ of habeas corpus on seven separate grounds. Six of his claims have been exhausted before the state court. One claim, his ineffective assistance of counsel claim, has not yet been exhausted. Petitioner filed a state habeas petition in the Superior Court of Alameda County regarding his ineffective assistance of counsel claim on June 4, 2007, which, according to petitioner, was three months prior to the expiration of the AEDPA statute of limitations of September 4, 2007. The Superior Court judge issued an order directing the district attorney to file an informal response by July 6, 2007. The district attorney has asked for and been granted two extensions of time to file its informal response, which is now expected on or around October 1, 2007. Concerned that the Superior Court may find petitioner's habeas petition to be

ORDER GRANTING MOTION TO STAY CASE—No. C-07-04511 RMW
MAG

untimely, which may impact the tolling of the AEDPA statute of limitations, petitioner files the instant motion to stay the case pending exhaustion of his ineffective assistance of counsel claim.

District courts have the authority to stay a mixed habeas petition with exhausted and unexhausted claims and hold it in abeyance pending the exhaustion of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). That discretion is not unfettered, but, as the Supreme Court has stated, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* Additionally, the Supreme Court has recommended that "[a] prisoner seeking state postconviction relief might avoid [having a court find his petition time-barred] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 276).

Here, petitioner is asserting ineffective assistance of counsel as a grounds for a state habeas petition after appealing his conviction. It appears that petitioner attempted to have this habeas petition fully briefed in the trial court prior to the expiration of the AEDPA statute of limitations, filing his writ in the Alameda County Superior Court on June 4, 2007. Although the district attorney's response was originally due on July 6, 2007, that response date has been continued twice, delaying petitioner's attempt to exhaust this claim. There is no reason for the court not to exercise its discretion to stay and abey the present federal habeas proceedings until petitioner's state remedies are exhausted. Petitioner is in the process of exhausting his ineffective assistance of counsel claim, which appears to have some merit, and there is no indication that he has engaged in dilatory litigation tactics.

Accordingly, the court grants petitioner's request to hold the case in abeyance while he exhausts his remaining claim in state court. Petitioner shall provide this court with status reports

ORDER GRANTING MOTION TO STAY CASE—No. C-07-04511 RMW
MAG                                                           2

1  every 60 days until the petition has been exhausted in state court. He will promptly notify the court
2  when the claim is exhausted. The court will thereafter consider whether an order to show cause
3  should issue regarding the petition before this court.

6  DATED:     9/28/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**
Marilee Marshall            mmlegal@sbcglobal.net
Jennifer Lynne Peabody      jplegal@sbcglobal.net

**Counsel for Respondent:**
No appearance

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   10/1/07                          /s/ MAG
                                          **Chambers of Judge Whyte**

ORDER GRANTING MOTION TO STAY CASE—No. C-07-04511 RMW
MAG                                       4