E-FILED on     11/23/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND HOUSTON,

    Petitioner,

    v.

ROBERT J. HERNANDEZ,

    Respondent.

No. C-07-04511 RMW

ORDER татTO SHOW CAUSE

Petitioner, a state prisoner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court will require respondent to show cause why a writ of habeas corpus should not be granted.

**I. BACKGROUND**

On October 23, 2003 a jury in Alameda County found petitioner guilty of second degree murder and personal use of a firearm. On December 12, 2003 petitioner was sentenced to state prison for a total of forty (40) years to life. Petitioner filed an appeal with the California Court of Appeal, First Appellate District Division Two. On June 15, 2005, the First Appellate District affirmed petitioner's conviction and sentence. On June 30, 2005, petitioner filed for review in the California Supreme Court. On September 21, 2005 the California Supreme Court denied the petition. The instant petition for habeas corpus was filed in this court on August 30, 2007.

ORDER TO SHOW CAUSE—No. C-07 04511 RMW
AKT

## II. ANALYSIS

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

Petitioner seeks relief from his incarceration and raises the following violations of his constitutional rights: (1) petitioner was denied his right to the effective assistance of counsel; (2) petitioner's rights were violated by the introduction of Lucille Houston's statements to police and hospital personnel to support the two alleged incidents of domestic violence; (3) petitioner's right to a fair trial and due process were violated when the trial court admitted prior uncharged acts of domestic violence; (4) petitioner's rights to due process and a fair trial were violated when the trial court permitted the introduction of inflammatory character evidence; (5) jury instructions as provided impermissibly lessened the prosecution's burden of proof in violation of petitioner's due process rights; (6) petitioner's rights were violated when the trial court permitted the introduction of DNA evidence; (7) petitioner was denied his right to the effective assistance of appellate counsel. The court will require respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## III. ORDER

Respondent is ordered to show cause why petitioner's petition for writ of habeas corpus filed August 30, 2007 should not be granted.:

1. The Clerk of the Court shall serve a copy of this order and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with this court and serve upon petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the relevant state records that have been

transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision thirty (30) days after the date petitioner is served with respondent's answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition. IT IS SO ORDERED

Dated: 11/20/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER TO SHOW CAUSE—No. C-07 04511 RMW AKT
3

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Jennifer Lynne Peabody    JennPBD@aol.com

**Counsel for Respondent:**

(no appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/23/09              CCL
                        **Chambers of Judge Whyte**